FILED

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

2026 SEP 29 P 4: 47

**(Alexandria Division)**

COREY M. KIMBALL,
individually and as sole owner/assignee of trade secret and intellectual property rights derived from Canvy, LLC, KFO Family Office, and CVL Venture Labs,
5011 17th Ave NE,
Seattle, WA 98105,

Plaintiff,

v.

BEN DUBOW,
c/o Omelas, Inc.,
1015 15th St NW,
Washington, DC 20005,

and

OMELAS, INC. (d/b/a OMELAS / ATREUS),
1015 15th St NW,
Washington, DC 20005,

Defendants.

CIVIL ACTION NO.: 1: 26cv3213

DEMAND FOR JURY TRIAL

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**(Defend Trade Secrets Act [18 U.S.C. § 1836], Breach of Non-Disclosure Agreement, Virginia Statutory Business Conspiracy [Va. Code § 18.2-499/500], and Tortious Interference)**

Plaintiff COREY M. KIMBALL, proceeding *pro se* ("Plaintiff"), hereby files this Verified Complaint against Defendants BEN DUBOW and OMELAS, INC. (d/b/a OMELAS / ATREUS) (collectively, "Defendants"), alleging as follows:

## I. NATURE OF THE ACTION

1. This is a civil action seeking immediate preliminary and permanent injunctive relief, alongside compensatory damages, statutory multipliers, exemplary damages, constructive trust, and attorney's

fees arising from Defendants' willful misappropriation of highly valuable trade secrets under the Defend Trade Secrets Act (DTSA), 18 U.S.C. § 1836 *et seq.*, breach of a binding Non-Disclosure Agreement (NDA), statutory business conspiracy under Va. Code §§ 18.2-499 and 18.2-500, and intentional tortious interference with prospective economic advantage.

2. Defendants solicited Plaintiff under the explicit pretense of evaluating an acquisition, corporate merger, or technical integration between Plaintiff's proprietary intelligence platform (Black Page) and Defendants' software platform (Atreus). After executing a Non-Disclosure Agreement and inducing Plaintiff to disclose his proprietary algorithmic architecture and capital market intelligence tools during technical evaluation discussions, Defendants abruptly ceased negotiations, improperly ingested Plaintiff's trade secrets into their Atreus platform, and deployed derivative commercial features into federal defense and financial intelligence contracting channels.
3. Plaintiff seeks direct compensatory damages and unjust enrichment disgorgement of $12,500,000.00, statutory treble damages pursuant to Va. Code § 18.2-500 yielding a total demand of **$37,500,000.00**, or, in the alternative, total constructive trust and assignment of the derivative Atreus software infrastructure, codebases, and underlying commercial contracts.

## II. PARTIES

1. Plaintiff Corey M. Kimball ("Plaintiff") is an individual residing at 5011 17th Ave NE, Seattle, WA 98105. Plaintiff brings this action in his individual capacity as the founder, developer, inventor, lawful rightsholder, and absolute assignee of all trade secrets, software algorithms, telemetry frameworks, pitch materials, and intellectual property assets derived from Canvy, LLC, KFO Family Office, and CVL Venture Labs—specifically including the Black Page platform architecture, algorithmic models, and associated capital deployment frameworks. Plaintiff maintains complete individual standing pursuant to 28 U.S.C. § 1654.
2. Defendant Ben Dubow ("Dubow") is an individual residing and/or systematically conducting commercial and technical operations within the Commonwealth of Virginia, serving as Founder, President, and Chief Technology Officer of Omelas, Inc., maintaining a professional address at 1015 15th St NW, Washington, DC 20005.
3. Defendant Omelas, Inc. (d/b/a Omelas / Atreus) ("Omelas") is a corporate entity maintaining its principal corporate address at 1015 15th St NW, Washington, DC 20005, specializing in behavioral intelligence platforms, telemetry processing, and AI software deployments across federal defense channels and the Commonwealth

of Virginia.

## III. JURISDICTION AND VENUE

1. **Federal Question Jurisdiction:** This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts federal claims under the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*
2. **Supplemental Jurisdiction:** This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they form part of the same case or controversy.
3. **Venue:** Venue is proper in the Alexandria Division of the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b) and Va. Code § 8.01-262 because a substantial part of the events, disclosures, unauthorized technical ingestion pipelines, and statutory violations occurred directly within this judicial district, and Defendants regularly negotiate, contract, and deploy technical intelligence tools within this Commonwealth and judicial district.

## IV. STATEMENT OF FACTS

### A. Proprietary Intellectual Property & Secrecy Measures

1. Prior to July 2025, Plaintiff independently conceived, authored, engineered, and maintained proprietary analytical tools, commercial structures, developmental codebases, and data frameworks, explicitly including:
   - **The Black Page Algorithmic Framework:** Proprietary computational models, behavioral intelligence analysis, actor pattern-of-life tracking, market disruption forecasting, and capital market intelligence tools.
   - **Black Page System Architecture:** Proprietary platform software architecture, restricted data room structures, and Southwest Signal Report analytical frameworks.
   - **The KFO Pitch Book & Capital Model:** A proprietary institutional asset allocation structure detailing a $111,000,000 capital deployment strategy.
2. Prior to filing this action, all rights, titles, interests, trade secrets, software assets, white papers, and accrued causes of action derived from or belonging to Canvy, LLC, KFO Family Office, and CVL Venture Labs were fully assigned and transferred to Plaintiff individually.
3. At all times, Plaintiff took reasonable and rigorous security measures to protect the secrecy of these trade secrets, including enforcing mandatory Non-Disclosure Agreements, deploying passkey-protected repositories, encrypted cloud links, and

restricting technical access strictly to authorized M&A evaluation channels.

4. These trade secrets derive independent economic value, actual and potential, from not being generally known to or readily ascertainable through proper means by commercial competitors, platform developers, or defense brokers.

**B. Execution of NDA and Disclosure of Proprietary Platform Architecture**

1. Between approximately May 2025 and August 2025, Plaintiff engaged in strategic evaluation discussions with Defendant Dubow to evaluate a potential acquisition, platform integration, or commercial transaction between Plaintiff's Black Page platform and Defendants' Atreus software.
2. Prior to and during these technical evaluation disclosures, Defendant Dubow and Omelas were bound by express contractual non-disclosure obligations and duties of confidentiality governing all proprietary software architectures, algorithmic models, and commercial strategies disclosed by Plaintiff.
3. During these evaluation exchanges, Defendant Dubow specifically interrogated Plaintiff regarding the key technical differentiators between Plaintiff’s Black Page platform and Atreus, inquiring into how Plaintiff's proprietary architecture processed behavioral telemetry, evaluated market disruption, and derived intelligence for capital markets.
4. In direct reliance upon these non-disclosure obligations, Plaintiff disclosed the proprietary operational and functional mechanics of the Black Page algorithmic framework—including behavioral tracking mechanisms, target signal processing, and financial market intelligence applications.
5. Following these detailed technical disclosures, Defendants abruptly ceased acquisition discussions. Shortly thereafter, Defendants incorporated derivative financial intelligence, market telemetry, and capital market provisioning tools directly into the Atreus platform—directly mirroring the proprietary functional capabilities disclosed by Plaintiff during the Summer 2025 evaluation window.

**C. Telemetry Interception, System Ingestion, and Co-Conspiratorial Exploitation**

1. Beginning around May to July 2025 and continuing through late 2026, Defendants, operating independently and in coordination with external defense brokers and advisory nodes (specifically including Defendant James "Jay" Walker and CSP Associates, Inc.), subjected Plaintiff's commercial communications and digital workspaces to persistent telemetry harvesting and activity

monitoring.

2. Through this persistent monitoring and unauthorized access to Plaintiff's shared workspace links, Defendants gained unauthorized visibility into Plaintiff's confidential asset structures, proprietary analytical reports, restricted data room repositories, and the $111,000,000 KFO capital deployment model.
3. Defendants converted and ingested Plaintiff's algorithms and telemetry models directly into their Atreus platform codebase without authorization, license, or consideration, using these stolen assets to secure and expand federal subcontracts and commercial intelligence pipelines valued at upwards of $12,500,000.00.
4. **Co-Conspiratorial External Coordination:** In committing these acts, Defendants combined, associated, and conspired with independent external entities and brokers—including James "Jay" Walker and CSP Associates, Inc.—to harvest, cross-reference, and commercialize Plaintiff's proprietary assets, directly interfering with Plaintiff's active commercial pilot pipeline and $111,000,000 capital deployment transactions.

## V. CLAIMS FOR RELIEF

COUNT I
MISAPPROPRIATION OF TRADE SECRETS UNDER THE
DEFEND TRADE SECRETS ACT
(18 U.S.C. § 1836 et seq. — Against All Defendants Jointly and Severally)

1. Plaintiff realleges and incorporates paragraphs 1 through 22 as if fully set forth herein.
2. Plaintiff owns and maintains proprietary trade secrets—including the Black Page Algorithmic Framework, telemetry models, Black Page platform architecture, data room structures, and the $111M KFO Pitch Book—which derive independent economic value from not being generally known and are used in, or intended for use in, interstate commerce pursuant to 18 U.S.C. § 1836(b)(1).
3. Plaintiff took reasonable security measures under the circumstances to protect the secrecy of these trade secrets, including enforcing executed Non-Disclosure Agreements, encrypted repositories, and restricted M&A evaluation channels.
4. Defendants misappropriated Plaintiff's trade secrets under 18 U.S.C. § 1839(5) by acquiring, ingesting, converting, and deploying them through improper means, including unauthorized system ingestion into Atreus, breaching express contractual duties under the NDA, and obtaining algorithmic secrets under false pretenses of an M&A transaction.
5. Defendants' misappropriation was willful, malicious, and deliberate.

6. As a direct and proximate result, Plaintiff suffered actual economic loss, lost transaction pipelines, and enterprise disruption in an amount no less than $12,500,000.00. Defendants have been unjustly enriched by obtaining proprietary platform capabilities without incurring independent development costs.
7. Plaintiff is entitled to immediate injunctive relief under 18 U.S.C. § 1836(b)(3)(A), actual damages and unjust enrichment disgorgement under § 1836(b)(3)(B), exemplary damages up to two times the actual award under § 1836(b)(3)(C) for willful misappropriation, and statutory attorneys' fees under § 1836(b)(3)(D).

COUNT II
BREACH OF NON-DISCLOSURE AGREEMENT
(Common Law – Against All Defendants Jointly and Severally)

1. Plaintiff realleges and incorporates paragraphs 1 through 22 as if fully set forth herein.
2. A valid, binding, and enforceable Non-Disclosure Agreement existed between Plaintiff and Defendants governing the strict confidentiality and restricted use of proprietary technical assets disclosed during M&A discussions in 2025.
3. Plaintiff fully performed all obligations under the NDA.
4. Defendants materially breached the NDA by ingesting, exploiting, commercializing, and incorporating Plaintiff's algorithms, platform architectures, and telemetry models into the Atreus software platform for commercial use outside the authorized scope of M&A due diligence.
5. As a direct and proximate result of Defendants' breach, Plaintiff suffered direct and consequential damages in an amount no less than $12,500,000.00.

COUNT III
VIRGINIA STATUTORY BUSINESS CONSPIRACY
(Va. Code §§ 18.2-499 & 18.2-500 – Against All Defendants Jointly and Severally)

1. Plaintiff realleges and incorporates paragraphs 1 through 22 as if fully set forth herein.
2. Defendants Ben Dubow and Omelas, Inc., combined, associated, and conspired with independent external third-party entities and brokers—specifically including James "Jay" Walker and CSP Associates, Inc.—for the purpose of willfully and maliciously injuring Plaintiff in his trade, business, and reputation.
3. In furtherance of this statutory conspiracy, Defendants and their external co-conspirators engaged in independently unlawful acts, including trade secret misappropriation, NDA breach, unauthorized digital telemetry harvesting, and commercial exploitation of Plaintiff's proprietary intelligence models.
4. As a direct and proximate result of Defendants' statutory business

conspiracy, Plaintiff suffered actual business injury in an amount no less than $12,500,000.00.

5. Pursuant to Va. Code § 18.2-500, Plaintiff is entitled to mandatory statutory treble damages in the amount of **$37,500,000.00**, alongside an award of litigation costs and reasonable attorneys' fees.

COUNT IV

TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

(Virginia Common Law – Against All Defendants Jointly and Severally)

1. Plaintiff realleges and incorporates paragraphs 1 through 22 as if fully set forth herein.
2. Plaintiff possessed valid, concrete prospective business relationships and economic expectancies, including active commercial pilot opportunities (including a $120,000 pilot pipeline being developed and negotiated through Plaintiff's authorized 1099 commercial representatives), capital deployment pipelines totaling $111,000,000.00, and institutional platform integrations.
3. Defendants possessed actual and constructive knowledge of these prospective economic relationships and business expectancies via direct disclosures and persistent telemetry interception.
4. Defendants intentionally interfered with these relationships through independently unlawful means, including trade secret misappropriation, breach of the governing NDA, and unauthorized telemetry interception.
5. But for Defendants' intentional interference, Plaintiff would have realized the economic benefits of his pilot pipeline and $111,000,000 capital deployment transaction.
6. As a direct and proximate result, Plaintiff suffered actual and consequential damages in an amount no less than $12,500,000.00, and Defendants acted with actual malice, entitling Plaintiff to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendants Ben Dubow and Omelas, Inc., jointly and severally, as follows:

1. **Preliminary and Permanent Injunctive Relief:** a. Ordering Defendants, their officers, agents, and affiliated entities to immediately cease using, processing, commercializing, or deploying any software codebases, telemetry pipelines, or financial intelligence features derived from Plaintiff's trade secrets; b. Ordering an immediate forensic audit and Rule 45 imaging of Defendants' Atreus software repositories, server logs, API ingestion pipelines, and database environments to purge all

misappropriated assets;

2. **Monetary Damages:** a. Compensatory damages and unjust enrichment disgorgement in an amount no less than **$12,500,000.00**; b. Mandatory statutory treble damages pursuant to Va. Code § 18.2-500 and exemplary damages pursuant to 18 U.S.C. § 1836(b)(3)(C), yielding a total monetary award of **$37,500,000.00**; c. Punitive damages under Virginia common law for intentional and malicious tortious interference;
3. **Equitable Relief / Constructive Trust:** In the alternative or in aid of execution, imposing a **Constructive Trust** over all software codebases, intellectual property rights, equity, revenue, and subcontracts associated with Defendants' Atreus platform for total transfer and assignment to Plaintiff;
4. **Costs and Interest:** Pre-judgment and post-judgment interest at the maximum legal rate, litigation costs, and reasonable attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D) and Va. Code § 18.2-500; and
5. Such other and further relief as this Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.
DATED: September 29, 2026

Respectfully submitted,

COREY M. KIMBALL, PRO SE
Individually and as sole owner/assignee of trade secret and intellectual

property

rights derived from Canvy, LLC, KFO Family Office, and CVL Venture Labs
5011 17th Ave NE
Seattle, WA 98105
Phone: (206) 807-1315
Email: CoreyMKimball@gmail.com

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that I am the Plaintiff in this action, that I have read the foregoing Verified Complaint, and that the factual allegations

contained herein are true and correct to the best of my knowledge, information, and belief.

Executed this 29th day of September, 2026 at Alexandria, Virginia.

CORY M. KIMBALL

FILED

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

2026 SEP 29 P 6: 13

**(Alexandria Division)**

COREY M. KIMBALL, )
individually and as sole owner/assignee )
of trade secret and intellectual property )
rights derived from Canvy, LLC, KFO )
Family Office, and CVL Venture Labs, )
5011 17th Ave NE, )
Seattle, WA 98105, )
)
Plaintiff, )
) CIVIL ACTION NO.: 1:26 CV 3213

v. )
) DEMAND FOR JURY TRIAL

BEN DUBOW, )
c/o Omelas, Inc., )
1015 15th St NW, )
Washington, DC 20005, )
)
and )
)
OMELAS, INC. (d/b/a OMELAS / ATREUS), )
1015 15th St NW, )
Washington, DC 20005, )
)
Defendants. )

**PLAINTIFF'S DISCLOSURE OF LOCAL RULE 83.1(M) GHOSTWRITING ASSISTANCE**

Plaintiff COREY M. KIMBALL, proceeding *pro se*, hereby submits this Disclosure pursuant to Local Civil Rule 83.1(M) of the United States District Court for the Eastern District of Virginia:

1. Plaintiff is unrepresented by licensed counsel in this action and is proceeding *pro se*.
2. Pursuant to Local Rule 83.1(M), Plaintiff discloses that no licensed attorney has drafted, ghostwritten, or prepared the Verified Complaint or accompanying filings on Plaintiff's behalf for compensation.
3. All pleadings, motions, and affidavits filed in this action have been reviewed, verified, and submitted directly by Plaintiff in his individual capacity.

DATED: September 29, 2026

Respectfully submitted,

COREY M. KIMBALL, PRO SE
Individually and as sole owner/assignee
of trade secret and intellectual rights derived from Canvy, LLC, KFO Family Office, and CVL Venture Labs

5011 17th Ave NE
Seattle, WA 98105
Phone: (206) 807-1315
Email: CoreyMKimball@gmail.com